LAWRENCE, Jr., and another *v.* MORRISANIA STEAM-BOAT CO.

*(Circuit Court, E. D. New York. July 19, 1882.)*

1. CONTRACT BY LETTER — ACCEPTANCE OF PROPOSITION — ORAL STATEMENTS MERGED.

Where libellants made an offer by letter to the respondents to alter and repair one of its steam-boats and "to build out the frames as we have talked of," which offer was accepted by letter on the part of the respondents, such letters constituted a written contract, and all prior conversations and statements were merged in it.

2. SAME—STATEMENTS NOT GUARANTIES.

Statements made in advance of the acceptance of a proposition by letter, of what it was thought would be the result of a given plan, are not guaranties of of such result.

3. SAME—PAYMENT—TAKING NOTE, EFFECT OF.

Where, by the written contract, payment was to be made in "cash or its equivalent" the taking of a note for the balance due on the performance of the contract, is not a waiver of the right to sue for the balance due; such taking of the note operates merely as a giving of credit.

*G. A. Black*, for libellants.

*T. C. Cronin*, for respondent.

BLATCHFORD, Justice. The contract of the parties, as contained in the two letters, contained no warranty by the libellants that the alterations to be made would remedy the defects. The entire contract is contained in those two letters. All prior conversations and statements and negotiations were merged in the written contract. The expression "to build out the frames as we have talked of" can refer only to the conversation between Longstreet and the libellants. Longstreet testifies that the libellants did what they agreed should be done. They built out the frames to the extent that they and Longstreet thought necessary. They and Longstreet were disappointed in the result. Besides, the new testimony in this court shows that the letter of the libellants to Longstreet was brought before the board; that Longstreet was called in, and stated the proposed method of alteration, and what it was thought its effect would be; and that then the board authorized Mr. White to accept the proposition of the libellants. Stating in advance what it is thought will be the result of a given plan and guarantying such result are two different things. The libellants carefully avoided making any such special contract as is set up in the answer. There was never any waiver of any right to bring this suit. By the written contract the payment was to be made in "cash or its equivalent." Taking the note was no such waiver. The non-payment of the note remitted the libellants to all their rights, and caused the taking of the note to operate merely as a giving of credit. If the respondent desires, the decree may direct the surrender of the note. The libellants are entitled to a decree for $1,204.88, with interest at 6 per cent. per annum from November 20, 1880, and their costs in the district court, taxed at $103.36, and their costs in this court, to be taxed.

See same parties, 9 FED. REP. 208.